CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 3 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5:91-cr-00131-02 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WARD EVERETTE MOHLER, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Ward Everette Mohler, a federal inmate proceeding pro se, has filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6). Specifically, Mohler relies on Rule 60(b)(6) to contend that one of his two 18 U.S.C. § 924(c) convictions should be invalidated. However, as explained below, the court concludes that Mohler's Rule 60(b)(6) motion is properly construed and dismissed as a successive motion pursuant to 28 U.S.C. § 2255.[1]

I. **Background**

On August 23, 1991, a federal grand jury returned an indictment in which Mohler and another co-defendant were charged with twenty-three drug and firearm related counts. While the other defendant pleaded guilty, Mohler elected not to plead guilty and, instead, proceeded to trial, where a jury returned a verdict against him on all seventeen counts in which he was implicated, including two counts under 18 U.S.C. § 924(c). Thereafter, on April 30, 1992, District Judge James H. Michael, Jr. sentenced him to 169 months on the fifteen drug-related convictions, to be served concurrently. Furthermore, the court imposed a consecutive mandatory 60-month term of imprisonment on the first § 924(c) conviction, and a consecutive mandatory

---

[1] The court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." United States v. Oliver, 865 F.2d 600, 603–04 (4th Cir. 1989).

240-month term of imprisonment on the second § 924(c) conviction, for a total term of imprisonment of 469 months. Mohler then appealed his convictions to the United States Court of Appeals for the Fourth Circuit, which affirmed the convictions. United States v. Mohler, 993 F.2d 1540, 1993 WL 172870 (4th Cir. 1993) (per curiam) (unpublished table decision). Pertinent to Mohler's instant Rule 60(b)(6) motion is the fact that the Fourth Circuit rejected both his argument that this court improperly enhanced his sentence for the second § 924(c) conviction and his argument that the informant's testimony upon which the government relied to secure Mohler's conviction was not credible. Id., 1993 WL 127870, at *1–2.

Thereafter, Mohler filed in this court a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in which he advanced an ineffective assistance of counsel argument. The court construed his petition as a motion pursuant to 28 U.S.C. § 2255 and denied the motion. Mohler appealed this decision to the Fourth Circuit, which affirmed this court's holding. United States v. Mohler, 40 F.3d 1245, 1994 WL 620819 (4th Cir. 1994) (per curiam) (unpublished table decision). Then, Mohler filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the United States District Court for the District of Maryland. That court ruled that it lacked jurisdiction over Mohler's petition and transferred the case to this court. Mohler subsequently appealed the order to the Fourth Circuit, which dismissed the appeal as premature. Mohler v. Gunja, 11 F. App'x 321 (4th Cir. 2001) (per curiam). Several weeks thereafter, Mohler filed another § 2241 petition in the District of Maryland, raising claims under Bailey v. United States, 516 U.S. 137 (1995). The District of Maryland dismissed the case after again concluding that it lacked jurisdiction. However, after Mohler appealed, the Fourth Circuit vacated and remanded the case, directing the District of Maryland to consider Mohler's claims. Mohler v. Gunja, 30 F. App'x 136 (4th Cir. 2002) (per curiam). On remand, the District of

Maryland determined that the instruction given at Mohler's trial failed to comply with the United States Supreme Court's holding in Bailey. However, the court concluded that the evidence presented at trial was nonetheless sufficient to support Mohler's § 924(c) convictions. On appeal, the Fourth Circuit affirmed the District of Maryland's ruling. Mohler v. Gunja, 64 F. App'x 403 (4th Cir. 2003) (per curiam).

Five years later, in 2008, Mohler filed in the Fourth Circuit an original application for a writ of habeas corpus pursuant to § 2255. The Fourth Circuit treated Mohler's filing as a motion for authorization under § 2244 to file a successive § 2255 motion. Mohler v. United States, No. 08-6259 (4th Cir. Sept. 12, 2008). Noting that Mohler had filed "numerous" prior § 2255 motions, the Fourth Circuit denied his motion to file a successive § 2255 motion. Id. Then, in 2010, Mohler filed in this court a motion under 18 U.S.C. § 3582(c)(2) to modify his term of imprisonment, asserting that a reduction was warranted on the basis of Amendment 488 to the United States Sentencing Guidelines. However, this court denied the motion. United States v. Mohler, No. 5:91-cr-00131 (W.D. Va. Apr. 8, 2010). The Fourth Circuit later affirmed the ruling. United States v. Mohler, 385 F. App'x 326 (4th Cir. 2010) (per curiam).

On April 25, 2012, Mohler filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6), requesting that the court vacate the judgment in this case and grant him a new trial or, alternatively, restructure his sentence on the two § 924(c) convictions. In support of his motion, he advances two primary arguments: (1) that it was improper for the court to impose a mandatory consecutive sentence for the second § 924(c) conviction when both § 924(c) convictions stemmed from the same indictment; and (2) that the jury's brief deliberations violated his right to a fair trial under the Sixth Amendment of the United States Constitution with respect to the second § 924(c) conviction.

3

## II. Discussion

Federal Rule of Civil Procedure 60(b) provides that:

On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).[2]

The Federal Rules of Civil Procedure, including Rule 60(b), govern <u>civil</u> actions filed in federal district courts. "Such rules, designed to govern litigation of civil actions, do not and cannot provide authority for attacking or overturning a criminal judgment." <u>United States v. Merica</u>, Nos. 5:04CR00015, 5:11CV80375, 2011 WL 6325881, at *2 (W.D. Va. Dec. 16, 2011); see also <u>United States v. Bernier</u>, 421 F. App'x 292, 293 (4th Cir. 2011) (per curiam) ("The Federal Rules of Civil Procedure do not provide a vehicle by which [a defendant] may challenge his criminal judgment."). To this end, a "Rule 60(b) motion that seeks to revisit a judgment dismissing a § 2255 action as without merit should be dismissed as a successive <u>habeas</u> petition to prevent defendants from using such a motion to circumvent the rule against successive § 2255 actions in § 2255(h)." <u>Merica</u>, 2011 WL 6325881, at *2 (citing <u>Gonzales v. Crosby</u>, 545 U.S.

---

[2] Motions pursuant to Rule 60(b) must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

4

524, 531–32 (2005)). "Similarly, a motion which seeks to advance one or more substantive claims allegedly omitted from the initial § 2255 motion or to submit new evidence or argument in support of a claim raised in the prior § 2255 motion must also be construed and dismissed as a new, successive § 2255 motion." Id. (citing Gonzales, 545 U.S. at 531–32). However, not all Rule 60(b) motions may be construed as a successive § 2255 motion. More specifically, when a Rule 60(b) motion attacks the collateral review process in a § 2255 proceeding (a civil proceeding), as opposed to the substance of the federal court's resolution of a claim on the merits, then the motion may not be construed as a successive § 2255 motion. Gonzales, 545 U.S. at 532; United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003), cert. denied, 124 S. Ct. 496 (2003).

As stated above, Mohler advances two arguments in his Rule 60(b)(6) motion, neither of which allege a defect in the civil collateral review process. Instead, both of his arguments either address the merits of his prior § 2255 claims or were omitted from his prior § 2255 claims. Under either scenario, and regardless of "[w]hatever title or twist [Mohler] attaches to his current motion, it is clear that his intention is to obtain relief from the criminal judgment against him." Merica, 2011 WL 6325881, at *2. As such, Rule 60(b) of the Federal Rules of Civil Procedure fails to supply him with the authority for the remedy that he seeks in this criminal action. Mohler's Rule 60(b)(6) motion must therefore be construed by this court as a successive § 2255 motion.

This court may consider a successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. 28 U.S.C. § 2255(h). As stated above, Mohler has previously pursued numerous § 2255 motions, challenging the criminal judgment in this case. Mohler offers no indication that

he has obtained certification from the Fourth Circuit to file a successive § 2255 motion. Accordingly, the court must dismiss his current action without prejudice.[3]

The defendant is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1). The defendant has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If the defendant intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and to all counsel of record.

ENTER: This 13th day of June, 2012.

_____
Chief United States District Judge

---

[3] The court notes that Mohler could not have properly sought reconsideration under Rule 35 of the Federal Rules of Criminal Procedure because that rule authorizes reconsideration within fourteen days after sentencing only to correct arithmetical, technical, or other clear error. Fed. R. Crim. P. 35(a); see also United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010), cert. denied, 130 S. Ct. 3530 (2010).

6